IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEONEL LUJAN,<br>　　　Plaintiff,<br><br>v.<br><br>STATE FARM LLOYDS,<br>　　　Defendant. | § § § § § § § §　Civil Action No. 3:24-cv-28 |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### Procedural Background

1. On December 19, 2023, Plaintiff Leonel Lujan filed his Original Petition in the 171st Judicial District Court of El Paso County under Cause No. 2023DCV4406, and captioned *Leonel Lujan v. State Farm Lloyds*.[1]

2. Service of suit upon State Farm's registered agent occurred on December 27, 2023, and State Farm timely answered thereafter on January 22, 2024.[2]

3. State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

---

[1] *See* Exhibit A, Plaintiff's Original Petition at page 1.
[2] *See* Exhibit A, State Farm's Original Answer.

### *Nature of the Suit*

4. This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claim for damages allegedly caused by a storm event occurring on or about July 16, 2021, at Plaintiff's property located at 1380 Emerald Gate Lane, El Paso, Texas 79936. Plaintiff asserts causes of action against State Farm for breach of contract, noncompliance with Texas Insurance Code: Unfair Settlement Practices, noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute, breach of the duty of good faith and fair dealing, and fraud. Plaintiff seeks to regain the benefit of the bargain, actual damages (including the loss of benefits that should have been paid), treble damages, interest per annum at 13.5%, punitive damages, exemplary damages, pre-judgment interest, post-judgment interest, costs of court and attorneys' fees.[3]

### *Basis for Removal*

5. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Upon information and belief, Plaintiff was a citizen of Texas when the Petition was filed, and Plaintiff continues to be a citizen of Texas.

7. At the time Plaintiff's Original Petition was filed in State District Court on December 19, 2023, naming State Farm as Defendant, and as of the date of filing this Notice, State Farm Lloyds was and is not a citizen of the State of Texas for diversity jurisdiction

---

[3] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 70-76 and Prayer.

purposes.[4]  State Farm Lloyds is an association of individual underwriters.[5]  State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).  At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in Illinois[6].  Specifically, all underwriters are residents of Illinois, employed in Illinois, and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm Lloyds.  Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen.[7]

8. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Original Petition asserts Plaintiff is seeking "monetary relief of $250,000 or less and non-monetary relief."[8]  Additionally, Plaintiff made a pre-suit DTPA demand to State Farm for the sum of $188,475.47, including statutory penalty and attorney's fees.[9]  Consistent with the amount sought in the Petition, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

---

[4] *See* Exhibit B, Affidavit of Brant Kaufman, *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")
[5] *See* Exhibit B, Affidavit of Brant Kaufman.
[6] *Id.*
[7] *Id.*
[8] *See* Exhibit A, Plaintiff's Original Petition, ¶ 4
[9] *See* Exhibit C, Plaintiff's' DTPA demand letter.

3

9. In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[10] Here, Plaintiff claims severe weather caused damage to his property that Plaintiff insured through State Farm.[11] Plaintiff seeks damages for State Farm's alleged failure to pay what was owed under the terms of Plaintiff's insurance contract.[12] The Policy at issue for the reported date of loss is a Texas Homeowners Policy with coverage limits of $586,700 for the dwelling, $58,670 for other structures, $440,025 for personal property and $176,010 for loss of use.

10. In addition, Plaintiff seeks actual damages, statutory interest penalties and additional statutory damages for alleged knowing violations of the Insurance Code up to three times actual damages.[13] Plaintiff also seeks attorney fees for bringing this suit.[14] Thus, given the plain language of the pleading, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

11. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

---

[10] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[11] *See* Exhibit A, Plaintiff's Original Petition, ¶ 8.
[12] *See* Exhibit A, Plaintiff's Original Petition, ¶ 11.
[13] *See* Exhibit A, Plaintiff's Original Petition, ¶ 73 and Prayer.
[14] *See* Exhibit A, Plaintiff's Original Petition, ¶ 75 and Prayer.

### *The Removal is Procedurally Correct*

12. State Farm was first served with Plaintiff's Original Petition in District Court on December 27, 2023. Therefore, State Farm files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15. Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 171st Judicial District Court for El Paso County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 171st Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas – El Paso Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:    (210) 227-2200
Facsimile:     (210) 227-4602
dstephens@lsslaw.com

By: _____
　　　David R. Stephens
　　　State Bar No. 19146100

COUNSEL FOR DEFENDANT STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – El Paso Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the 25th day of January, 2024, addressed to those who do not receive notice from the Clerk of the Court.

David A. Christoffel
CHRISTOFFEL LAW GROUP, PLLC
1506 E. Winding Way Drive
Building 108, Suite 506
Friendswood, Texas 77546
ChristoffelLawGroup@gmail.com

_____
David R. Stephens

6