IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEONEL LUJAN,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-24-CV-00028-KC |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Lloyds' "Opposed Motion for Protective Order and Objections to Subpoena Duces Tecum" ("Motion") (ECF No. 16), filed on April 11, 2024. United States District Judge Kathleen Cardone referred the motion to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. For the reasons set forth below, the Motion is **GRANTED in part** and **DENIED in part**.

### I.   BACKGROUND

Plaintiff Leonel Lujan is insured under a homeowner's policy with Defendant for his property at 1380 Emerald Gate Lane, El Paso, Texas 79936. Pl.'s Original Pet. ¶¶ 2, 7, ECF No. 1-2. On July 16, 2021, a hailstorm caused damage to Plaintiff's property. *Id.* at ¶¶ 8, 9. Plaintiff notified Defendant and submitted a claim against his insurance policy. *Id.* at ¶ 11. Defendant sent an agent and adjustor, Cedric Johnson, to inspect the property. *Id.* at ¶ 13. As a result of this inspection, Defendant determined that Plaintiff's damages were below the deductible amount, and no payment would be issued. Mot. 2, ECF No. 16.

Plaintiff disagreed with Defendant's assessment of his claim. *Id.*; Pl.'s Resp. Def.'s Mot. Protection & Objs. Subpoena Duces Tecum 2 [hereinafter "Resp."], ECF No. 17. Plaintiff

submitted an appraisal demand; Defendant responded by stating that the appraisal demand was premature and requesting an inspection of the property. Mot. 2. In February 2023, Defendant hired an inspector, Kenneth Turner, from MKA International, Inc. to inspect the property again. *Id.*; Resp. 2–3. Based on the report from MKA, Defendant maintained its coverage position. Mot. 2; Resp. 3. Plaintiff then invoked the appraisal provision of his policy and designated his own independent appraiser. Mot. 2; Resp. 3. Defendant chose its own appraiser, Clay Williams of Well Adjusted Appraisal, LLC ("WA"). Mot. 2; Resp. 3. A state court judge selected Carlos Gomez as the umpire for the appraisal. Resp. 3.

The three appraisers, as a panel, determined the total amount of damages Plaintiff suffered to be $118,457.73. Mot. 2–3; Resp. 3. Defendant asserts that it did not issue payment for this total amount "due to its inclusion of non-covered items," Mot. 3; Plaintiff asserts that Williams communicated with Defendant and disclaimed the conclusions reached by the panel, Resp. 3. As a result, Defendant issued a check for only $13,402.35 to Plaintiff. *Id.*

Plaintiff filed his original petition in state court on December 19, 2023. Resp. 4; *see* Pl.'s Original Pet. Defendant answered on January 22, 2024, and removed the action to federal court, based upon diversity jurisdiction, on January 25. *See* Def.'s Original Answer & Affirmative Defenses, ECF No. 1-2; Def.'s Notice of Removal, ECF No. 1.

Plaintiff asserts that he submitted advance copies of the two subpoenas duces tecum—directed to WA and MKA—to Defendant on January 29, 2024. Resp. 4; *see* Ex. 5 (email from Plaintiff's counsel to Defendant's counsel providing a copy of a draft subpoena duces tecum to be sent to WA), ECF No. 17-5. The subpoenas duces tecum on WA and MKA were issued on March 20, 2024. *See* Pl.'s Notice of Subpoena Duces Tecum for Non-Party Well Adjusted Appraisal, LLC Ex. 1 [hereinafter "WA Subpoena"], ECF No. 16-1; Pl.'s Notice of Subpoena Duces Tecum for

Non-Party MKA International, Inc. Ex. 2 [hereinafter "MKA Subpoena"], ECF No. 16-2.  Both subpoenas had objection and response deadlines of April 12, 2024, at 5:00 p.m.  Mot. 3; WA Subpoena 4; MKA Subpoena 4.  WA was served with its subpoena on April 2, 2024.  Proof of Service Ex. 6, ECF No. 17-6.  Plaintiff asserts that MKA "appears to be attempting to avoid service of process."  Resp. 5.  WA failed to respond or object to Plaintiff's subpoena by the April 12 deadline.  *Id.* at 6.

Defendant filed the instant motion asking for a protective order and objecting to some of the subpoena requests on April 11, 2024.  *See* Mot.  Plaintiff responded on April 17, 2024.  *See* Resp.  Defendant filed its reply on April 24, 2024.  *See* Def.'s Reply Supp. Mot. Protective Order & Objs. Subpoena Duces Tecum [hereinafter "Reply"], ECF No. 18.

## II.  LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The discovery request must be proportional to the case's needs, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Additionally, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The Rules also allow the use of subpoenas "to produce documents, electronically stored information, or tangible things or to permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(C).  The party serving the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* 45(d)(1).  "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection

3

to inspecting, copying, testing, or sampling any or all of the materials . . . ." *Id.* 45(d)(2)(B). On a "timely" motion, a court can quash or modify a subpoena that "requires disclosure of privileged or protected matter, if no exception or waiver applies" or "subjects a person to undue burden." *Id.* 45(d)(3)(A)(iii), (iv). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Protective orders are governed by Federal Rule of Civil Procedure 26(c). The rule allows "[a] party or any person from whom discovery is sought" to move for a protective order. Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." *Id.* A protective order can "forbid[] the disclosure or discovery," "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters," or "require[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way," among other possible actions. *Id.*

The party seeking the protective order "must establish good cause and a specific need for protection." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003). "'Good cause' exists when justice requires the protection of 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). To demonstrate a specific need, a party must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citation omitted).

### III.   DISCUSSION

Defendant phrases its motion as a request for a protective order to protect the confidentiality of the documents produced by the subpoenas and as objections to specific requests

4

in the subpoenas.  Mot. 1–2.  Plaintiff interprets Defendant's objections to specific requests as objections under Federal Rule of Civil Procedure 45(d)(2)(B). [1]  Resp. 7–8.  Plaintiff points out that Defendant does not have standing to bring objections under this Rule.  *Id.*

A party seeking to modify or quash a subpoena directed to a non-party has no standing unless the objecting party either has "possession of the materials subpoenaed" or has a "personal right or privilege with respect to the materials subpoenaed."  *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 784–85 (S.D. Tex. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979)).  The party also has to "make a showing that there is a personal right to be protected."  *Cenac v. Orkin, L.L.C.*, No. CV 15-4521, 2020 WL 13888745, at *3 (E.D. La. Sept. 11, 2020).

In this case, Defendant does not assert that it has possession of the materials Plaintiff asked for in the subpoenas.  Further, Defendant does not make a showing that it has a personal right or privilege in the materials.  Defendant merely asserts at multiple points that the documents "*potentially* contain the confidential and propriety information of [Defendant]."  Mot. 1 (emphasis added); *see also id.* at 6, 8–14 (repeating that the requests "have the potential to seek information that is confidential and proprietary").

Thus, Defendant does not have standing to bring a motion to quash or modify the subpoenas.  However, Defendant clarifies in its reply that it is actually seeking a protective order under Federal Rule of Civil Procedure 26(c) when it requested that certain subpoena requests be limited or stricken.  Reply 2–3.  "[A] party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena."  *Bounds v. Cap. Area Fam.*

---

[1] Plaintiff states that it will only address WA's subpoena, because MKA has not been served yet.  Resp. 8 n.15.

*Violence Intervention Ctr.*, 314 F.R.D. 214, 218 (M.D. La. 2016).  Thus, the Court will analyze Defendant's motion under Rule 26(c).

"Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted).  A district court abuses its discretion if it enters a protective order that is unsupported by such a demonstration of fact.  *See id.* ("The district court's entry of the protective order requested by [the defendant in the underlying suit] was therefore unsupported by a 'particular and specific demonstration of fact' and therefore constituted a clear abuse of discretion." (citation omitted)).

With respect to Defendant's general request for a protective order to protect the confidentiality of documents, the Court finds that Defendant has not demonstrated a specific need.  Defendant argues that "the requests *have the potential to* seek information that is confidential and proprietary and these privileges are asserted" and that "[t]he requests *may* seek information pertaining to the methods by which [Defendant] conducts its business and public disclosure thereof *could* result in economic harm to the company."  Mot. 6 (emphasis added).  These are conclusory assertions, not backed up by any evidence.

When discussing specific requests that Defendant wants to limit or strike, Defendant makes the same conclusory statements regarding potentially confidential information without any evidence to support them.  *See* Mot. 8–14.  Thus, the requests cannot be limited or stricken on those grounds.  However, Defendant also asserts other grounds for limiting or striking the requests.

6

Further, "non-party subpoenas are also subject to the parameters of Rule 26." *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 617 (E.D. La. 2022). Rule 26 "authorize[s] the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery." *Id.* This means that the Court still has the obligation to limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has already had "ample opportunity" to obtain the information through discovery; or "the proposed discovery is outside the scope of" Federal Rule of Civil Procedure 26(b)(1), meaning that the proposed discovery is not relevant or not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C).

### A.  Request Number 2

Request 2 asks for "[c]opies of any and all of the documents, photographs, e-mails, communications or writings furnished or supplied to you by Defendant State Farm Insurance Company and/or State Farm Lloyds, since your initial contract with it or its adjusters and/or claims representatives, including but not limited to Ms. Meredith Dumble."  WA Subpoena 8; MKA Subpoena 8.

Defendant argues that this is "vague and overly broad" and "not limited by reasonable restrictions on time." Mot. 7.  The Court agrees.  This request is phrased in such a way that WA and MKA would have to produce documents about all of their dealings with Defendant, regardless of whether they are relevant to this case or not.  Plaintiff acknowledges this and states that he "agrees to limit [the request's] application to the underlying claim only, which would naturally limit its time period to approximately May 10, 2023 to present." Resp. 8.  The Court will accept this limitation to Request 2 as to both subpoenas and will limit the request to copies of any and all

7

of the documents, photographs, e-mails, communications or writings furnished or supplied to MKA/WA by Defendant State Farm Insurance Company and/or State Farm Lloyds that relate to Plaintiff's insurance claim that forms the basis of this suit and date from May 10, 2023, to the present.

### B. Request Number 3

For Request 3, which asks for the retention agreements between Defendant and WA and MKA, Defendant again states that the information is neither relevant nor proportional. Mot. 8; WA Subpoena 8; MKA Subpoena 8. For support, Defendant cites *In re National Lloyds Insurance Company*, 449 S.W.3d 486 (Tex. 2014). In that case, the plaintiff sought the discovery of third-party claims files in order to compare the insurance company's evaluation of the damage to her property with its evaluation of damage to other properties. *Id.* at 488–89.

Plaintiff in this case argues that the retention agreement will let him evaluate whether WA or MKA had a financial interest in the outcome of the appraisal, which is relevant information. Resp. 9. Plaintiff references a case where the appraisal agreement between the defendant and its appraiser showed that the appraiser received greater reimbursement if the defendant received a greater insurance payout. *Gen. Star Indem. Co. v. Spring Creek Vill. Apartments Phase V, Inc.*, 152 S.W.3d 733, 737 (Tex. App. 2004). The court there noted that "[a]n appraiser with a financial interest in the outcome of the appraisal is not impartial," and the impartiality of the appraiser directly impacted whether the appraisal award was in compliance with the insurance policy and therefore binding. *Id.* Thus, the appraisal or retention agreement is relevant information in a case where a party invokes the appraisal clause in an insurance policy. Since this request is for relevant information, it will not be stricken.

### C. Request Number 6

Request 6 seeks "[a]ny and all documents, e-mails, communications or writings reviewed by you with respect to this claim, regardless of the source of the documents or writings." WA Subpoena 8; MKA Subpoena 8. Again, Defendant states that this request is overly broad and will require the production of irrelevant information. Mot. 9. Plaintiff agrees to limit the request to apply only to the underlying insurance claim and limit the time period to May 10, 2023, to the present. Resp. 9–10. The Court will accept this limitation to Request 6 and will limit the request to only documents, e-mails, communications, or writings reviewed by MKA/WA with respect to Plaintiff's insurance claim that forms the basis of this suit and date from May 10, 2023, to the present.

### D. Requests 15, 16, 17, and 18

Request 15 seeks "[a]ny and all notes and/or documents referencing the total number of claim evaluations that [MKA/WA] has performed on behalf of Defendant State Farm Insurance Company and/or State Farm Lloyds, in the preceding ten (10) years." WA Subpoena 9; MKA Subpoena 9.

Request 16 seeks "[a]ny and all notes and/or documents referencing the total number of claim evaluations that [MKA/WA] has performed on behalf of Ms. Meredith Dumble, in the preceding ten (10) years." WA Subpoena 9; MKA Subpoena 9.

Request 17 seeks "[a]ny and all notes and/or documents referencing the total number of claim evaluations that [MKA/WA] has performed on behalf of any insurance company (including Lloyds plans) in the preceding ten (10) years." WA Subpoena 9; MKA Subpoena 9.

Request 18 seeks "[a]ny and all notes and/or documents referencing the total number of revenue paid to [MKA/WA] by Defendant State Farm Insurance Company and/or State Farm Lloyds in the preceding ten (10) years."  WA Subpoena 9; MKA Subpoena 9.

Defendant argues that these documents are unrelated to the circumstances surrounding Plaintiff's individual insurance claim and that the request is not reasonably limited in time or by a description of the kind of documents Plaintiff seeks.  Mot. 10–14.  Plaintiff argues that the requested documents are relevant and material for cross-examination and impeachment.  Resp. 10–13.

Plaintiff cites to *Russell v. Young*, 452 S.W.2d 434 (Tex. 1970) and Texas Rule of Civil Procedure 192.3(e)(5) for support.  *Id.*  However, Plaintiff fails to address the fact that once a case has been removed from a state court to federal court, the Federal Rules of Civil Procedure, not state procedural rules, apply.  Fed. R. Civ. P. 81(c)(1).

A request for documents in a subpoena duces tecum is impermissibly broad if it is "*not confined to communications that are related to a claim or defense in th[e] case.*"  *Equal Emp. Opportunity Comm'n v. Skywest Airlines, Inc.*, No. 3:22-CV-1807-D, 2024 WL 84211, at *2 (N.D. Tex. Jan. 8, 2024; *see also Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 WL 12781020, at *9 (S.D. Tex. Jan. 7, 2015) ("Claims trends, patterns, and common concerns *not solely related to the claim at hand* are outside the scope of discovery because they cannot speak to what happened in this individual case.").  The Court concludes that these requests are impermissibly broad for these reasons.

Modification of a subpoena is generally preferable to quashing it.  *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998).  However, narrowing the scope of Requests 15 through 17 to only notes and documents related to Plaintiff's insurance claim would make the

10

requests duplicative of other requests in the subpoenas, especially Requests 2 and 6 as they have now been limited. The Court will modify Request 18 to cover only any and all notes and/or documents referencing the amount of revenue paid to MKA/WA by Defendant State Farm Insurance Company and/or State Farm Lloyds for Plaintiff's insurance claim that forms the basis of this suit.

## IV.    CONCLUSION

For the foregoing reasons, Defendant State Farm Lloyds' Opposed Motion for Protective Order and Objections to Subpoena Duces Tecum (ECF No. 16) is **GRANTED in part** and **DENIED in part**.

Requests 2, 6, and 18 in the subpoenas duces tecum to MKA International, Inc. and Well Adjusted Appraisal, LLC will be limited in the manner described above. MKA International, Inc. and Well Adjusted Appraisal, LLC will not be required to respond to Requests 15, 16, and 17 in the subpoenas duces tecum.

**SIGNED** this 9th day of May, 2024.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**